THEODORE H. TYNDALE, administrator, *vs.* EBEN C. STANWOOD & another.

Norfolk. January 19, 1903. — January 26, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Executors and Administrators*, Petition to sell real estate.

The real estate of an intestate liable to be sold, under R. L. c. 146, § 1, when the personal estate is insufficient to pay debts, includes any interest which the intestate had in the premises described in the petition for leave to sell, and the administrator is not obliged to set out the precise character of that interest in his petition. Therefore it is not necessary to allege that the property is subject to the rights of the husband of the intestate as tenant by the curtesy, or to taxes, or that the record title is in a third person to whom it has been conveyed fraudulently.

On a petition to sell real estate of an intestate under R. L. c. 146, § 1, the real estate liable to be sold includes lands fraudulently conveyed to another, and in

such a case it is right to refuse to rule that the petition is for a license to sell the estate of a stranger.

On a petition to sell real estate of an intestate under R. L. c. 146, § 1, there is no obligation upon the administrator to pay off incumbrances or to settle with incumbrancers, and therefore it is right to refuse to rule, as matter of law, that it is inexpedient to grant a license on account of the condition of the title. As to incumbrances the purchaser must look out for himself.

On an application to sell real estate of an intestate under R. L. c. 146, § 1, where the real estate stands in the name of a third person, to whom the administrator contends that it has been conveyed fraudulently, it is not necessary for the petition to contain an allegation that the premises were conveyed fraudulently, as the question cannot be determined in that proceeding, but, after leave to sell has been obtained, can be tried in the way provided by R. L. c. 146, § 17.

PETITION, filed November 3, 1902, in the Probate Court for the County of Norfolk, by the administrator of the estate of Isabella S. Whicher for leave to sell real estate of the intestate, under R. L. c. 146, § 1, in order to pay debts and charges of administration.

On appeal *Hammond,* J. made a decree, affirming the decree of the Probate Court, granting leave to sell the real estate in question. John T. Whicher, a son of the intestate, and Eben C. Stanwood, the holder of the record title, appealed.

*S. H. Tyng,* (*H. T. Lane* with him), for the appellants.

*R. M. Morse,* (*W. H. Leonard* with him,) for the appellee.

MORTON, J. The petitioner is the administrator of the estate of Isabella S. Whicher, who deceased February 20, 1898, leaving a husband and son. The administrator petitioned the Probate Court for leave to sell real estate for the payment of debts and charges of administration. The petition was granted after notice to all parties interested. Shortly before her death the said Isabella executed and delivered a quitclaim deed to one Stanwood of the premises in question. After her death her husband also conveyed his interest as tenant by the curtesy to Stanwood. Stanwood and the son both appealed from the decree of the Probate Court. The case was heard by a single justice of this court who affirmed the decree of the Probate Court. At the hearing, it was not disputed as we understand the case, that the property had been attached in a suit against Mrs. Whicher before the conveyance by her to Stanwood, and that the attachment existed at the time of that conveyance, and the administrator claimed that the conveyance was fraudulent.

The case is here on exceptions by the appellants to the refusal of the presiding justice to give certain rulings that were asked for, and to the affirmance by him of the decree of the Probate Court.

Assuming, without deciding, that the appellants have a *locus standi* we think that the rulings of the single justice were right and that the decree should be affirmed.

The exceptions are in substance that it was not stated in the petition that the property was subject to the husband's right as tenant by the curtesy, or to taxes, or that the record title was in Stanwood, or that it was claimed that the property had been fraudulently conveyed to Stanwood. There are also exceptions to the refusal to rule that the application was for a license to sell the estate of a stranger, and that in the condition of the title it was inexpedient to grant the license asked for.

The statute provides that when the personal estate is insufficient to pay debts and legacies the administrator may sell the real estate in the manner provided. Pub. Sts. c. 134, § 1. R. L. c. 146, § 1. The real estate liable to be sold includes "all lands of the deceased, all rights of entry and of action, and all other rights and interests in lands, which by law would descend to his heirs, or which would have been liable to attachment or execution by a creditor of the deceased in his lifetime." Pub. Sts. c. 134, § 2. R. L. c. 146, § 2. The real estate thus liable to be sold includes lands fraudulently conveyed, and a petition for leave to sell includes any interest which the intestate has in the premises described in the petition. What the administrator sells is the right, title and interest of his intestate. *Yeomans* v. *Brown*, 8 Met. 51, 57. He is not obliged and there is nothing in the statute which requires him to set out the precise character of the interest in his petition for leave to sell, or the incumbrances to which the premises therein described are subject. Nor is there anything which provides that he shall pay off incumbrances or settle with incumbrancers. We do not see therefore how it could be ruled as matter of law that it was inexpedient to grant a license because of the condition of the title. So far as the matter of the granting of the license was a matter of discretion, we see no ground on which it can be held that, if the discretion is reviewable here, it was improperly exercised. Fur-

ther the statute expressly provides that the title passed by the sale shall be subject to the wife's right of dower, and the husband's right as tenant by the curtesy. Pub. Sts. c. 134, § 2. R. L. c. 146, § 2. In regard to these and other incumbrances the purchaser is bound to look out for himself. The rule of *caveat emptor* applies. The objection that the petition is for leave to sell the real estate of a stranger is untenable. If the property has been fraudulently conveyed to Stanwood he is not a stranger to the title, and one purpose of these proceedings is to put the administrator or his grantee in a position which will enable him to try the validity of Stanwood's title. That question cannot be settled here, but a method is provided by statute in which it can be settled after the administrator has obtained leave to sell. *Walker* v. *Fuller*, 147 Mass. 489. Pub. Sts. c. 134, § 15. R. L. c. 146, § 17. And inasmuch as the question cannot be determined here, the objection that the petition does not allege that the premises were fraudulently conveyed is also untenable. Such an allegation is not a necessary allegation, though sometimes inserted. *Norton* v. *Norton*, 5 Cush. 524. We think that the petition sets forth all that is required, (Pub. Sts. c. 134, §§ 5, 6, R. L. c. 146, §§ 6, 7, *Tenney* v. *Poor*, 14 Gray, 500,) and that the decree should be affirmed.

*So ordered.*