CHARLES E. GILES *vs.* JOHN T. KENNEY, administrator.

Suffolk.    March 9, 1915. — May 21, 1915.

Present: RUGG, C. J., LORING, DE COURCY, & CARROLL, JJ.

*Probate Court,* Petition for leave to sell real estate for purpose of distribution, Appeal. *Words,* "Parties interested."

The assignee of a mortgage of real estate, given, after the death of a former owner of the real estate and before the appointment of an administrator of his estate, by a person who had acquired the rights of the heirs of the former owner in the property to secure a note of such person, is not one of the "parties interested" who, upon the filing of a petition under R. L. c. 146, § 18, as amended by Sts. 1904, c. 217; 1906, c. 73; 1907, c. 236, by the administrator for leave to sell the real estate for the purpose of distribution, have a right to notice of the petition, in case they do not consent, and to appeal from a decree granting the petition or from a decree refusing to revoke the license granted.

PETITION, filed in the Probate Court for the county of Suffolk on April 27, 1914, for a revocation of a license granted to the administrator of the estate of Peter F. Duffy, late of Providence in the State of Rhode Island, to sell certain real estate of the intestate in this Commonwealth for the purpose of distribution.

After a hearing before *George,* J., the petition was dismissed.

On appeal the case was heard by *Pierce,* J., who dismissed the appeal on the ground that the petitioner was not a party "interested" and therefore had no right to be heard or of appeal. The petitioner appealed to the full court.

*J. C. Johnston,* for the petitioner, submitted a brief.

*F. G. Bauer,* for the respondent.

DE COURCY, J.    It appears from the memorandum of the single justice that the respondent's intestate, Peter F. Duffy, died at Providence, Rhode Island, on June 2, 1910, survived by a widow and two adult daughters, and leaving as property a piece

of unincumbered real estate in Boston. The daughters transferred their interest in the property to the widow, and she placed a mortgage on the property on November 1, 1911, which mortgage was assigned to the petitioner July 10, 1913.

The respondent was here appointed administrator of the estate of Peter F. Duffy on July 24, 1913, upon the petition of the widow, assented to by the daughters; and a week later his petition to sell the real estate for purposes of distribution was allowed by the Probate Court. The present petition for the revocation of the license to sell was denied by that court, and the appeal therefrom to this court was dismissed by the single justice on the ground that the petitioner Giles was "not a party interested and therefore had no right to be heard, or of appeal."

The contention of the petitioner is that he was entitled to notice of the petition for a license to sell the real estate belonging to the estate of the deceased, on the ground that he was one of the "parties interested" referred to in R. L. c. 146, § 18, as amended by St. 1907, c. 236. Although the court has not been called upon heretofore to determine who are included in the term "parties interested" as used in § 18, it expressly appears in the sections which deal with petitions for license to sell to pay debts and legacies, that the parties entitled to notice are those interested in the estate of the deceased. See R. L. c. 146, §§ 10, 12. It was held in *Harrington* v. *Harrington,* 13 Gray, 513, that the wife of a devisee was not a "person interested" under Rev. Sts. c. 71, § 8, and hence not entitled to notice. In *Yeomans* v. *Brown,* 8 Met. 51, it was held that a tenant in possession of the premises having a title thereto by disseisin, was not interested in the estate of the deceased within the meaning of the same statute. As was said in that case at page 57, "It cannot be supposed that the Legislature intended to authorize a stranger to the testator's title to interpose objections to the settlement and disposition of his estate." The right of the administrator to sell the real estate on license cannot be defeated by the death, conveyance or disseisin of the heir or devisee. See *Drinkwater* v. *Drinkwater,* 4 Mass. 354, 359; *Tyndale* v. *Stanwood,* 182 Mass. 534.

It seems to us that there is no sound basis for giving to the term "parties interested," when used with reference to a sale for

distribution, under § 18, a meaning different from that given to it in connection with a sale for the payment of debts under § 10. As stated by Braley, J., in *Security Bank of New York* v. *Callahan,* 220 Mass. 84,·· "The court of probate in a decree of distribution deals only with heirs and legatees, without regard to their assignments or pledges," citing *Lenz* v. *Prescott,* 144 Mass. 505, 515; *Coram* v. *Davis,* 209 Mass. 229, 247. The practical considerations are in favor of this rule. The Probate Court records disclose who are the heirs and distributees. It would be impracticable to compel the administrator at his peril to ascertain, in the registry of deeds and bankruptcy court up to the moment of granting the license to sell, all outstanding conveyances, liens, attachments and incumbrances affecting the interest of heirs or devisees in the property; and such a requirement would invalidate decrees granted where notice was not given to all such persons, and would seriously affect titles to real estate heretofore acquired under the established practice.

In *Smith* v. *Bradstreet,* 16 Pick. 264, relied on by the petitioner, it was held that an attaching creditor of the interests of one of the heirs at law of the. deceased was entitled to appeal from a decree allowing the will. But, as was pointed out in *Farrar* v. *Parker,* 3 Allen, 556, the right of appeal in that case was given by the statute broadly to any "person" aggrieved. See St. 1817, c. 190, § 7. The statute now in question provides that license to sell may be granted with the consent merely of all "parties" interested.

The petitioner is not left without ample relief. He has a remedy against the proceeds of the sale, which must be held for two years from the time of the filing of the administrator's bond.

His rights are in no way concluded by the decree of the Probate Court, which, as to him, was *res inter alios.* *Lewis* v. *Bolitho,* 6 Gray, 137.

The validity of the sale is not before us.

*Decree affirmed.*