Lois Gifford *vs.* David Smiley, trustee, and others.

Bristol.   October 28, 29, 1929. — May 28, 1930.

Present: Rugg, C.J., Pierce, Wait, Sanderson, & Field, JJ.

*Probate Court*, Parties, Discontinuance of petition, Appeal. *Trust*, Petition for distribution, Construction of instrument creating trust. *Assignment.*

At the hearing of a petition in a probate court under G. L. c. 203, § 25, against a trustee under a will for an order directing him to convert the trust estate into cash and distribute it among persons entitled thereto, a person named in the petition as interested offered to show that one of the beneficiaries of the trust had mortgaged and assigned his interest to such person, that the mortgage had been foreclosed, that such person had purchased at the foreclosure sale, and that the beneficiary had been adjudicated a bankrupt. The evidence was excluded. The petition was ordered dismissed. The person offering such evidence did not appeal. The beneficiary appealed from the decree. In this court the appellees contended that the appellant was not a person interested. *Held*, that

(1) The appellant was a "person interested" in the trust estate and entitled to appeal under G. L. c. 215, § 9;

(2) There having been no appeal from the ruling excluding the evidence as to the transfer of the appellant's interest, no question as to the effect of such a transfer was before this court.

It *was stated* that a transfer of the character above described could not be recognized for the purpose of excluding the appellant from participation in the proceeding or of making the transferee a party thereto.

In his brief before this court, the petitioner in the proceeding above described stated that he desired to withdraw the petition, alleging facts, which did not appear in the record, to the effect that all parties except the appellant had parted with their interests; but this court *stated* that, upon the record, the petitioner could not discontinue as of right and that it could not be said that, as a matter of discretion, he should be allowed to discontinue.

At the hearing of the petition above described, it appeared that the will provided that, after the death of the testator's widow, which had occurred, the estate was to be "held in trust . . . until the youngest child [of the. testator] then living shall arrive at the age of twenty one years, when the estate shall be divided share and share alike and paid over to such children as have complied with the above conditions to wit, of saving by each male child the sum of $1,000 and by each female child the sum of $500, and such share of any child who has not complied with this condition shall be held in trust until such condition is complied with by him or her, and then paid over." There were two daughters and two sons of the testator who were beneficiaries. There was testimony that each of the daughters had earned $500 but not that she had "saved" that sum. The trustee was asked if it was a fact that, when he was "appointed it was agreed by all the parties that $1,000 had been earned and saved by the heirs," and answered, "All but one," a minor daughter. He then was asked if it was his "understanding that that condition has been complied with by" the two sons, and answered, "It was." By order of the judge, a final decree was entered "that all said children have complied with the conditions imposed by said will precedent to their receiving their share of the trust estate and . . . said real estate has vested," and that the provisions of G. L. c. 203, § 25, did not apply. One son appealed. *Held,* that

(1) There was no proof that any one of the children of the testator had complied with the condition precedent to receiving his or her share of the trust estate;

(2) It therefore was not proved that the estate had vested;

(3) The portion of the decree quoted above was not justified and was ordered struck out;

(4) The statute did not apply, and the petition rightly was dismissed.

PETITION, filed in the Probate Court for the county of Bristol on May 16, 1928, by one of the ultimate beneficiaries of a trust under the will of James W. Gifford, late of

Attleboro, seeking under G. L. c. 203, § 25, that, after death of the widow, life beneficiary, the trustee be ordered to convert certain real estate standing in the trustee's name "into cash, at private sale for the sum of $140,000 or more in accordance with the highest offer therefor, and that distribution of the same may be decreed by the court, among such persons as may be proved to be entitled thereto, according to law." The persons named in the petition as parties interested are stated in the opinion.

The petition was heard by *Hitch,* J., a stenographer having been appointed under the statutory provisions, and by his order the final decree described in the opinion was entered. Charles H. Gifford, one of the ultimate beneficiaries, appealed.

In the petitioner's brief before this court was the following statement: "A dispute exists as to whether the appellant has any present interest in the estate, or whether his mortgagee Alvin N. Cooper is the owner of his share. No party, other than the appellant, now desires the property to be sold under the petition, and the petitioner desires to discontinue her petition. If she has a right to withdraw it there is no question before the court. If the appellant has no present title, and the petition cannot be withdrawn, the question presented is 'moot.' We suggest that a commissioner should be appointed by this court to report the facts, or the cause be remanded for further findings by the Probate Court."

The evidence respecting the interest of Cooper was excluded, as stated in the opinion. The record on appeal did not disclose evidence as to the other statements in the passage above quoted.

In the brief for Cooper was the following statement: "Since the hearing in the Probate Court the petitioner has sold her undivided one quarter interest to the F. W. Woolworth Co. by deed dated January 2, 1929, and recorded in Bristol County North District Registry of Deeds, Book 789, Page 196. That the petitioner's sister, Ethel S. Fritch, owner of an undivided one quarter and James W. Gifford, owner of an undivided one quarter have also sold

their interests to the F. W. Woolworth Co. The respondent respectfully submits that as to the petitioner the question sought to be raised is moot and that she now has no further interest in the petition and that no practical purpose would be accomplished by the court deciding the question of whether the trustee has authority to sell." The record disclosed no evidence nor finding to substantiate the statement above quoted.

*James J. McCarthy*, for the respondent, Charles H. Gifford.

*A. S. Phillips*, for the petitioner and others.

*E. S. White & L. I. Phillips*, for Alvin N. Cooper.

FIELD, J. G. L. c. 203, § 25, provides as follows: "If under a written instrument a trust estate is to be distributed in whole or in part, the probate court, upon petition of a person interested, after such notice as it may direct, may order the trustee to convert said estate, both real and personal, or either, into cash and distribute it among such persons as under such instrument are entitled thereto." This is a petition brought in the Probate Court under this statute by Lois Gifford, a person interested in a trust estate created by the will of James W. Gifford, wherein she alleges that the trustee holds under said will certain real estate and prays that he be ordered to convert the trust. estate into cash and distribute it among such persons as are entitled thereto.

By the second clause of his will the testator gave to his wife and son the residue of his estate "to have and to hold in trust nevertheless under the following terms and conditions; to wit . . . The trust estate herein bequeathed and devised shall be carefully husbanded and invested and the income thereof shall be, during the life time of my said wife, paid over to and held and used by my said wife Annie E. Gifford for the support of herself and children and their education in such manner as she may deem best. Should her circumstances and that of my children justify it, as much of the principal trust fund as the Probate Court shall duly approve and allow, may be used therefore. Said trustees shall pay out of said trust estate

to James W. Gifford Jr. Chas. H. Gifford and any other male heir, the sum of One Thousand dollars each, when and as each son has earned and saved (not including speculations) the sum of one thousand dollars including any interest or dividends that said earnings may have earned. Said trustees shall pay to Ethel M. Gifford and Lois A. Gifford and any other female heir the sum of one thousands dollars to each, when and as each daughter shall have saved and earned (not including speculations) the sum of Five Hundred dollars including any interest or dividend that said earnings may have earned. After the decease of my wife Annie E. Gifford the estate shall be held in trust, the income to be used for the support of any minor childred [*sic*] then living, and in case of sickness or other misfortune to the support of such other adult heirs as they deem best, until the youngest child then living shall arrive at the age of twenty one years, when the estate shall be divided share and share alike and paid over to such children as have complied with the above conditions to wit, of saving by each male child the sum of $1000 and by each female child the sum of $500, and such share of any child who has not complied with this condition shall be held in trust until such condition is complied with by him or her, and then paid over."

The case was heard upon evidence which was taken by a stenographer and is before us. A decree was entered in the Probate Court which stated that "it appearing that said trust estate now consists of the real estate described in said petition and it further appearing that all the children of the testator have become of age and that all said children have complied with the conditions imposed by said will precedent to their receiving their share of the trust estate and it further appearing said real estate has vested and that the provisions of General Laws chapter 203, section 25 do not apply," it "is decreed that said petition be dismissed." From this decree Charles H. Gifford, one of the sons of the testator referred to in the second clause of the will, appealed.

The petition named as persons interested in the trust

estate the four children of the testator: Lois Gifford, the petitioner, and Ethel G. Fritch, daughters, and James W. Gifford, Jr. and Charles H. Gifford, the appellant, sons; and Alvin N. Cooper, mortgagee, and August Bergh, assignee, of the interest of Charles H. Gifford. At the trial it was contended by the appellant that said Cooper had no standing in this proceeding. Cooper offered evidence tending to show that he had owned a mortgage of the appellant's interest in the trust estate, and had foreclosed and bid in the mortgaged property, and that he had also an assignment thereof from the appellant, and that the appellant had been adjudicated bankrupt and had never been discharged. The judge excluded this evidence and ruled that the rights of said Cooper in the trust estate could not be adjudicated on this petition. . Cooper excepted, but did not appeal from the decree. The appellees, on the other hand, contend that the appellant is not a "person interested" in the trust estate and was not entitled to appeal from the decree.

Under the will the appellant was a "person interested" in the trust estate and, upon the death of the testator's widow and. performance by the appellant of prescribed conditions, "entitled" to a share thereof. Apart from an assignment or other transfer of his interest in the property, he had a right to be heard upon this petition and, as a "person aggrieved by an order, decree or denial of a probate court" unfavorable to him, to appeal therefrom. G. L. c. 215, § 9. In view of the rulings of the judge, the absence of evidence of any assignment or other transfer of title, and the fact that no person claiming to be an assignee or transferee. appealed from the decree, no question as to the effect of an assignment or other transfer is before us. However, it may be added that in such a proceeding under G. L. c. 203, § 25, the Probate Court — and this court on appeal — cannot take cognizance of transfers of the interests of beneficiaries, but can deal only with persons primarily entitled to such interests. *Stowell* v. *Ranlett*, 238 Mass. 599, 602, and cases cited. See *Giles* v. *Kenney*, 221 Mass. 262, and compare G. L. c. 202, § 19. Such a transfer cannot be

recognized for the purpose of excluding the appellant from participation in this proceeding or of making the transferee a party hereto, any more than it can be recognized for the purpose of determining its effect on title to the property. Determination and protection of rights of transferees must be sought in other proceedings. See *Lenz* v. *Prescott*, 144 Mass. 505, 515; *Coram* v. *Davis*, 209 Mass. 229, 247; *Security Bank of New York* v. *Callahan*, 220 Mass. 84; *Giles* v. *Kenney, supra; Stowell* v. *Ranlett*, 238 Mass. 599, 602–603. *Child* v. *Clark*, 231 Mass. 3 is distinguishable.

The petitioner cannot discontinue, as she seeks to do. She cannot discontinue as matter of right at this stage of the case, (see *French* v. *Brooke*, 241 Mass. 315, 317, and cases cited), and we cannot say on this record that as matter of discretion she should be allowed to discontinue. Nor is the petition to be dismissed, as urged by the appellees, on the ground that the case has become moot. Even if assignments have been made by the appellees, who were beneficiaries under the will, and by the appellant, of all their interests in the trust, as stated by counsel for the appellees, it does not follow that there is no longer occasion to determine the basic question argued, namely, whether the trust created by the will has terminated so that the Probate Court cannot order a sale of the trust estate under G. L. c. 203, § 25. Such assignments would not preclude the court's ordering a sale.

The conclusion of the Probate Court, recited in its decree, referring to children of the testator, "that all said children have complied with the conditions imposed by said will precedent to their receiving their share of the trust estate and . . . said real estate has vested," was not justified. The only testimony as to compliance with the conditions imposed by the will came from the petitioner and the trustee. The petitioner testified that she and her sister each had "earned $500." To questions whether her brothers had "earned $500" she replied in each instance, "I presume that he did." She did not testify to amounts "saved" by any of them. The trustee testified that he had paid each of the children of the testator "the amounts as called for

under the will . . . namely $1,000 to both boys, and the sum of $500 to both girls." He then testified as follows: Q. "Isn't it a fact that when you were appointed it was agreed by all the parties that $1,000 had been earned and saved by the heirs? A. All but one. Q. That was the minor? A. Ethel, yes. Q. The will provides that each son shall be entitled to $1,000 when he has earned and saved a thousand dollars. It is your understanding that that condition has been complied with by J. William Jr. and Charles Gifford at the time you were appointed? A. It was." This evidence does not go far enough to prove that either of the sons had, in fact, "earned and saved (not including speculations) the sum of one thousand dollars," or either of the daughters "the sum of Five Hundred dollars." Consequently, in view of the provision in the will that the "share of any child who has not complied with this condition shall be held in trust until such condition is complied with by him or her," it was not proved that "said real estate has vested."

The further conclusion recited in the decree that "the provisions of General Laws chapter 203, section 25 do not apply" was correct. This statute applies only when "a trust estate is to be distributed in whole or in part." In the absence of proof that any one of the children of the testator has complied with the condition precedent to receiving his or her share of the trust estate, it does not appear that any distribution thereof is to be made. The petition, therefore, was dismissed properly.

The decree is to be modified in accordance with this opinion and so modified is affirmed.

*Ordered accordingly.**

---

* The rescript read: "Decree to be modified by striking out the words 'and that all said children have complied with the conditions imposed by said will precedent to their receiving their share of the trust estate and it further appearing said real estate has vested'; as so modified it is affirmed."