MARGARET F. TERRY, administratrix, *vs.* JAMES F. TERRY
& another.

Norfolk.    December 6, 1939. — January 30, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Executor and Administrator*, License to sell real estate.

Under § 19 of G. L. (Ter. Ed.) c. 202, and § 14 as amended by St. 1934,
c. 157, § 1, a decree of a Probate Court granting a license to an ad-
ministrator to sell real estate of the decedent to himself individually
was proper where the judge found, on evidence warranting the findings,
that the administrator had made an advantageous offer, that the
interests of all parties would be promoted by the acceptance of the
offer and that it was expedient to make the sale.

PETITION, filed in the Probate Court for the county of
Norfolk on May 31, 1939.

The petition was granted after a hearing by *McCoole*, J.

*J. F. Terry*, for the respondents.

*D. L. O'Donnell*, for the petitioner.

RONAN, J.    This is an appeal from a decree of the Pro-
bate Court granting a license, under G. L. (Ter. Ed.) c. 202,
§ 19, to the administratrix of the estate of Patrick A.
Terry to sell certain real estate to herself individually, in
accordance with her offer to purchase for $3,800 as set
forth in her petition.

The judge made no findings of fact other than those
contained in the decree, to the effect that the appellee had
made an advantageous offer, that the interest of all the
parties would be best promoted by the acceptance of this
offer, and that it was expedient to sell the real estate.
We have a full report of the evidence and it is our duty
to decide the case upon our own judgment of the evidence,
giving due weight to the findings made by the trial judge
upon oral testimony, which are not to be reversed unless
shown to be plainly wrong.    *Tuells* v. *Flint*, 283 Mass.
106.    *Trade Mutual Liability Ins. Co.* v. *Peters*, 291 Mass. 79.

The petitioner was appointed administratrix on October 19, 1938, and her petition to sell was filed on May 31, 1939. The appellants contended in the Probate Court that there was no necessity for a sale, that the land could be put in trust for the benefit of each of the heirs and that the heirs could make distribution among themselves. It did not appear at the hearing whether the personal property was sufficient to pay the debts and charges of administration. One of the appellants had filed a bill in the Superior Court, the specific nature of which is not disclosed by the evidence, but which apparently sets forth a claim upon some of the property which was included in the inventory of this estate. This appellant signed an instrument that he had no interest in any personal property or real estate standing in the name of Patrick A. Terry, other than as an heir, and agreed that he would convey to the heirs any real estate that might be in the name of this appellant. At the hearing in the Probate Court he testified that he executed this instrument through duress.

The inventory filed in the Probate Court showed that the intestate owned personal property amounting to $3,782 and four parcels of real estate amounting to $3,450. This was also the value of these parcels as determined by the assessors of Weymouth where the land was located. The homestead was valued at $2,550 and the other three parcels at $300 each. The parties were not in accord that there should be any division of the real estate and it is apparent that, on account of the feeling existing between some of the heirs, they are unable to agree upon any plan for the distribution of the assets of the estate. This is an appropriate case for the application of the statute, G. L. (Ter. Ed.) c. 202, § 19, which furnishes an expeditious method providing in a single proceeding for the sale of the real estate, if found to be advantageous to all those having an interest in the land, for the payment of creditors, and for the distribution of the balance of the proceeds proportionately among those who had an interest in the land. The operation of the statute facilitates the settlement of the estate. It obviates the necessity for bringing a peti-

tion for partition. It enables the heirs and devisees to make a sale of the realty during the administration of the estate. It protects those who have a lien upon the land. See *Giles* v. *Kenney,* 221 Mass. 262; *Child* v. *Clark,* 231 Mass. 3; *Buttrick* v. *Snow,* 277 Mass. 401.

Upon the record the judge made a finding of every fact necessary for granting relief under the statute. G. L. (Ter. Ed.) c. 202, § 19. Each of them finds support in the record and none can be said to be plainly wrong.

The decree authorized a sale to the fiduciary herself. Ordinarily, a trustee is not permitted to sell to or to purchase from himself. The beneficiary is entitled to be protected against the self-interest that prompts any person to sell for the highest price obtainable and to buy for the lowest price possible. *Hayes* v. *Hall,* 188 Mass. 510. *Hall* v. *Paine,* 224 Mass. 62. *Vinal* v. *Gove,* 275 Mass. 235. The administration of the estate was under the supervision and control of the Probate Court and the danger of a fiduciary taking advantage of his position for his personal benefit is eliminated. The judge was expressly empowered by G. L. (Ter. Ed.) c. 202, § 14, as amended by St. 1934, c. 157, § 1, to permit the administratrix to purchase "if satisfied that such action will not be prejudicial to the interests of the estate." *Morse* v. *Hill,* 136 Mass. 60. *Hayes* v. *Hall,* 188 Mass. 510. Scott, Trusts, § 170.7. Am. Law Inst. Restatement: Trusts, § 170, Comment (b).

The appellants' motion to dismiss was not based upon any matters appearing upon the face of the petition, *Cochrane* v. *Cochrane,* 303 Mass. 467, and if considered in accordance with its purport and substance, *Charles I. Hosmer, Inc.* v. *Commonwealth,* 302 Mass. 495, it was really a request for findings which, upon the evidence, the judge was not obliged to grant. There was no abuse of discretion in refusing to grant a continuance. *Commonwealth* v. *Festo,* 251 Mass. 275. *Avery* v. *Alabama,* 308 U. S. 444.

The decree must be affirmed. Costs of this appeal as between solicitor and client are to be in the discretion of the Probate Court. *Ordered accordingly.*