THOMAS W. CROSBY, administrator, vs. CHARLES C. IDE
& others.

Middlesex. December 1, 1952. — January 9, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILLIAMS, & COUNIHAN, JJ.

*Executor and Administrator*, Real estate of decedent. *Probate Court*,
Parties, License to sell real estate.

The issuance of a license to sell real estate formerly owned by one who
died intestate was not proper either under G. L. (Ter. Ed.) c. 202,
§ 19, as amended by St. 1941, c. 341, § 1, or, because of § 20, as ap-
pearing in St. 1933, c. 221, § 5, under § 1, where it appeared that the
interests of the heirs of the decedent in the real estate were conveyed
for value and in good faith by recorded deeds, that some five years
after the giving of bond by the administrator of the decedent's estate
an administrator de bonis non was appointed, that still later a creditor
of the decedent filed a notice of claim and, seasonably under G. L. (Ter.
Ed.) c. 197, § 17, brought an action on the claim against the adminis-
trator de bonis non, and that upon recovery of judgment by the creditor
in such action the administrator de bonis non petitioned the Probate
Court for the license to sell the real estate; and the purchasers of the
heirs' interests were proper parties to the proceeding for the license and
were entitled to appeal from the decree granting it.

PETITION, filed in the Probate Court for the county of
Middlesex on December 6, 1951, by the administrator de
bonis non of the estate of Donald F. Simpson, late of Weston,
for a license to sell certain real estate.

The case was heard by *Leggat, J.*

*George E. Mears*, for the respondents Charles C. Ide and
another.

*Miriam C. Sullivan*, (*Roland B. Hoag* with her,) for the
respondent The Prudential Insurance Company of America.

*Frederick R. Walsh*, (*Thomas W. Crosby* with him,) for
the petitioner.

RONAN, J. These are appeals by the respondents from a
decree of the Probate Court entered on January 22, 1952,
licensing the administrator de bonis non to sell real estate

which the individual respondents had purchased on February 28, 1949.

Donald F. Simpson died intestate on July 6, 1945, leaving as his only heirs at law and next of kin Peter Simpson, his father, and Delia G. Simpson, his mother. Peter Simpson was appointed administrator and his bond approved on August 17, 1945. Peter Simpson filed no inventory in the registry of probate but filed one with the inheritance tax division of the Commonwealth showing personal property of the value of $50 and real estate of the value of $12,500 subject to a mortgage for $5,000. Peter died intestate on February 9, 1946. His widow, Delia, was appointed administratrix of his estate on December 22, 1948. She obtained a license from the Probate Court on February 24, 1949, to sell Peter's undivided half interest in the real estate which Donald had owned. She conveyed this interest for $5,500 by a deed to the respondents Charles C. Ide and Hazel H. Ide, husband and wife, as tenants by the entirety, and on the same day she conveyed to them her remaining half interest for $5,500. Both deeds were recorded on February 28, 1949. The respondent insurance company took a mortgage for $7,000 from the Ides out of which the $5,000 mortgage on the land was discharged. Later the insurance company cancelled their mortgage and took a new mortgage for $9,000. The Ides have occupied the premises since the conveyance to them and they have expended considerable money in improvements and in paying the taxes.

No further proceedings were had in the administration of the estate of Donald after the death of his father in 1946 until May 3, 1950, when a petition was filed for the appointment of an administrator de bonis non by a creditor. John W. Vaughan was appointed on May 3, 1950, although his bond was not approved until June 5, 1950. The creditor on November 9, 1950, filed a notice of her claim stating that she held a witnessed promissory note given by Donald F. Simpson. This was the first claim that was filed by any creditor of the estate of Donald. The creditor brought an

action against Mr. Vaughan and recovered a judgment on November 2, 1951, against him which is unsatisfied. Mr. Vaughan filed a petition to sell the real estate owned by Donald at his death for the purpose of paying the judgment and costs and charges of administration. A decree granting a license was entered on January 22, 1952, from which an appeal was taken by the respondents. Mr. Vaughan died while the appeal was pending and Thomas W. Crosby was appointed administrator de bonis non and admitted as petitioner in place of Mr. Vaughan.

The respondents contend that the judge of probate had no jurisdiction to issue the license to sell the real estate of the petitioner's intestate for the payment of debts; that the judge was prohibited by G. L. (Ter. Ed.) c. 202, § 20, as appearing in St. 1933, c. 221, § 5, from issuing any license; and that the judge should not have granted a license because of laches in enforcing the claim and on the ground of estoppel.

The petitioner, relying upon G. L. (Ter. Ed.) c. 202, § 10, contends that the respondents were not parties in interest in the proceedings for a license to sell real estate. It was held in *Giles* v. *Kenney*, 221 Mass. 262, where a widow, after her children conveyed to her their interest in the real estate of their father, gave a mortgage on the realty, that the mortgagee was not a party in interest and not entitled to notice where an administrator was subsequently appointed and filed a petition to sell the real estate for the purpose of distribution under R. L. c. 146, § 18. The statute was amended by St. 1917, c. 296, by providing that parties to whom a conveyance or mortgage of real estate was given by the heirs were to be made parties and given notice in proceedings to secure a license to sell the realty for the purpose of distribution. The statute was further amended by St. 1923, c. 321, by striking out the words "for the purpose of distribution" and providing that the net proceeds should be "paid over" instead of "distributed" and thus broadening the scope of the statute authorizing the judge of probate to grant a license for any proper purpose whatever. See

now G. L. (Ter. Ed.) c. 202, § 19, as amended by St. 1941, c. 341, § 1. The respondents were by statute made proper parties if the present petition was brought under § 19. Such a petition, however, cannot be maintained unless brought within one year of the giving of the original executor's or administrator's bond or, if an administrator de bonis non is appointed within the said year, then within six months of the giving of bond by such administrator de bonis non or within the remainder of said last mentioned period of one year, whichever is the longer period. Obviously, the petition was not filed within the designated period. The limitation of time is a part of the right given by the statute and the right is gone when the period permitted for its exercise has passed.

The petitioner stands no better if the present petition was brought under G. L. (Ter. Ed.) c. 202, § 1, to obtain a license to sell the real estate of the intestate for the payment of debts and charges of administration. It is true that notice upon such a petition must be given under G. L. (Ter. Ed.) c. 202, § 10, to "all persons interested in the estate." The quoted words have received a somewhat narrow construction, *Child* v. *Clark*, 231 Mass. 3, 6, and have been construed to exclude from persons interested, the wife of a devisee, a tenant in common in possession, and a mortgagee of one of the heirs. *Yeomans* v. *Brown*, 8 Met. 51. *Harrington* v. *Harrington*, 13 Gray, 513. *Giles* v. *Kenney*, 221 Mass. 262. The principle of these decisions seems to rest upon the ground that a Probate Court sitting as a court of probate, as in the instant case, cannot take cognizance of assignments of their interests made by heirs, legatees, or distributees. *Lenz* v. *Prescott*, 144 Mass. 505, 515. *Security Bank* v. *Callahan*, 220 Mass. 84. *Stowell* v. *Ranlett*, 238 Mass. 599, 603. This construction of § 10 may also rest upon the principle that the question of the title to land for which leave to sell is sought is not involved in proceedings for a license unless the condition of the title is such as to affect the expediency of the sale. *Walker* v. *Fuller*, 147 Mass. 489. See *Tyndale* v. *Stanwood*, 182 Mass. 534.

The respondents contend that the petition was filed in accordance with G. L. (Ter. Ed.) c. 202, § 1, and that it cannot be maintained by reason of G. L. (Ter. Ed.) c. 202, § 20, as appearing in St. 1933, c. 221, § 5. That section provides that the real estate of a deceased which has been conveyed absolutely or in mortgage for value and in good faith by an instrument duly recorded shall not be liable to be taken on execution or sold under any judicial proceeding for the payment of his debts, except for taxes, charges created by the will, or expenses of administration, after the expiration of one year from the time of such executor or administrator giving bond for the performance of his trust unless in pursuance of a license to sell granted upon a petition filed in the registry of probate within said year, or unless in pursuance of a license to sell granted in consequence of an order for the retention of assets passed under G. L. (Ter. Ed.) c. 197, § 13, upon a petition filed within said year or before said conveyance or mortgage is recorded, or unless for the satisfaction in whole or in part of a claim notice of which was filed in said registry within said year. The purpose of this statute is to extinguish the lien upon the real estate of the decedent for liability for his debts after one year from the giving of bond by the executor or administrator where it has been conveyed in good faith and for value. There can be no contention that the Ides did not purchase in good faith and for value. The heirs and next of kin had no further interest in this real estate. Neither can there be any contention that the mortgage was not taken for value and in good faith by the respondent insurance company. The situation here is entirely different from that existing in *Giles* v. *Kenney*, 221 Mass. 262.[1] The petition in that case was for distribution and the purpose of the statute was for the benefit of the heirs, while here the purpose of the statute is to exempt land from liability for the payment of the decedent's debts and is for the pro-

---

[1] Statute 1907, c. 549, from which G. L. (Ter. Ed.) c. 202, § 20, stems was not considered in *Giles* v. *Kenney*, 221 Mass. 262, as it was inapplicable because the license to sell was granted a week after the appointment of the administrator.

tection of the purchasers or mortgagees of the land. In the case last cited, the interest of a third party in the land was not material while, in the instant case, that was the principal issue before the court and the court was required to take cognizance of the conveyance to the individual respondents. We think the respondents were proper parties and entitled to appeal from the adverse decree of the Probate Court. G. L. (Ter. Ed.) c. 215, § 9.

The fact that the action on the note of the creditor was brought seasonably on October 11, 1950, by virtue of G. L. (Ter. Ed.) c. 197, § 17, does not extend the time beyond that fixed by G. L. (Ter. Ed.) c. 202, § 20, within which recourse may be had to the real estate of the intestate which has been conveyed in good faith and for value by his heirs and next of kin. Even if the original administrator died within six months of his appointment so that no action could be brought against him by the creditor who brought the action on October 11, 1950, *White* v. *Cormier*, 311 Mass. 537, the creditor could have preserved her right by filing a notice of her claim in the registry of probate within a year of the appointment of the original administrator as provided by G. L. (Ter. Ed.) c. 202, § 20, as amended. The notice filed on November 9, 1950, was too late and ineffective. *Grant* v. *Crowley*, 217 Mass. 552, 553.

The period of one year having long elapsed after the appointment of the administrator and before the appointment of the administrator de bonis non, the Probate Court had no power to grant the petition for a license to sell the real estate, and to subject the real estate, after its alienation to the individual respondents, to the payment of the son's creditors. The only personalty the son had when he died was $50 that has disappeared, and the only other asset he owned at the time of his death was the real estate. It now turns out that the creditor of the son cannot reach this property and that there was no property upon which the license to sell could operate for the payment of debts. No charges of administration could have been incurred by the administrator de bonis non prior to his appointment on

May 3, 1950, at a time when there were no assets in the son's estate. Doubtless, the main purpose for which the license was issued was to satisfy the claim of the creditor of the son, and we think that the license ought not to have issued for that purpose.

The decree granting the license should be reversed and a decree is to be entered dismissing the petition.

*So ordered.*