CHARLES B. CAMPBELL, administrator, & another *vs.* PAPKAN ANUSBIGIAN, executor.

Worcester.   September 22, 1958. — November 4, 1958.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Executor and Administrator*, Real estate of decedent, Judgment against estate, Notice of claim, Retention of assets.   *Probate Court*, Appeal, License to sell real estate, Agreed facts.   *Laches.*

An order in writing for preparation of papers for an appeal to this court by an administrator and by a creditor of the estate from a Probate Court decree, signed by an attorney who was the administrator and was of counsel for the creditor, was effective even though it contained no indication of the capacities in which the attorney was acting in giving it.   [37]

A notice filed in the registry of probate for Worcester county by a creditor of a decedent stating that he had brought an action in the "Central District Court" was a sufficient designation of the Central District Court of Worcester as "the court in which" the action was brought within G. L. c. 197, § 9.   [39]

The issues raised on a petition to sell real estate of a decedent, heard in the Probate Court on a statement of agreed facts, were decided by this court without reference to the decision of the judge.   [40]

A petition for sale of real estate of a testator, who left no personal estate and real estate which "had no equity" as of the date of his death by reason of mortgages thereon, brought by an administrator de bonis non with the will annexed of the estate primarily to satisfy a judgment of a creditor thereof more than thirteen years after the giving of the bond of the executrix and after the value of the real estate had been substantially enhanced by reduction of the mortgages, was not barred on the alleged ground of laches on the part of the judgment creditor where it appeared that the creditor had commenced his action and filed notice of his claim within one year after the giving of the executrix's bond in accordance with G. L. c. 197, § 9; c. 202, § 20, even though he did not then proceed with available remedies to satisfy his judgment. [40]

Allowance by a Probate Court of the "final account" of the executrix of an estate did not operate to discharge her or the estate of liability on a judgment against it which was not included in the accounting. [40]

A creditor's petition in the Probate Court under G. L. c. 197, § 13, that the executor or administrator of a decedent retain in his hands sufficient assets to satisfy the creditor's claim, is intended to protect a claim which does not accrue within the statutory period for commencing suit against the executor or administrator. [40]

PETITION, filed in the Probate Court for the county of Worcester on November 30, 1956, by the administrator de bonis non with the will annexed of the estate of Sarkis M. Gooligian, late of Worcester, for a license to sell certain real estate.

The case was heard by *Rice*, J., on a statement of agreed facts. The petitioner and Luther P. Smith, a creditor of the estate, appealed from a decree dismissing the petition. The executor of the will of the widow of Sarkis M. Gooligian filed in the Supreme Judicial Court a motion to dismiss the claims of appeal and a motion to amend the record of the Probate Court proceedings by the addition of certain words limiting the use of a letter therein.

*Michael H. Selzo*, for the respondent.

*Charles B. Campbell*, for the petitioner.

WHITTEMORE, J. 1. The motion to amend the record is denied. There is no basis for an exception to the usual practice of returning the record to the court below if an appropriate occasion for amendment is shown. There is no suggestion that the record as printed is not the record which the register certified and intended to certify.

Campbell *v.* Anusbigian.

2. The motion to dismiss the claims of appeal is without merit and is denied. The order for preparation of the papers, signed by the attorney who is the appealing administrator and one of the attorneys for the appealing creditor, did not require a descriptive indorsement of the capacities in which the attorney was acting. See *Bass River Sav. Bank* v. *Nickerson,* 302 Mass. 235.

3. The appeals are from a decree which dismissed a petition to sell real estate to pay a debt. The decree recites that it appears "that it is necessary to sell some part of the real estate of said deceased, for the payment of his debts, and charges of administration, the personal estate being insufficient therefor, and that by a partial sale the residue of the said parcel would be greatly injured; that an advantageous offer for the purchase thereof has been made to said petitioner, and that the interest of all parties concerned will be best promoted by acceptance of said offer." A report of material facts states that the case was presented on a statement of agreed facts which was attached and that the court found that on those facts the petition did not lie. This was a ruling of law and was in error.

The relevant facts are these: Sarkis M. Gooligian died on May 10, 1943. His will was allowed in due course and the bond of the executrix (the widow) was approved June 29, 1943. Luther P. Smith, the appealing creditor, on May 24, 1944, began an action against the goods and estate of the deceased in the hands of the executrix, returnable in the Central District Court of Worcester on June 3, 1944.

Smith, on June 13, 1944, caused notice of the claim and action to be filed in the proceedings in the registry of probate. On July 7, 1944, Smith recovered judgment in the amount of $5,021.25 debt or damage and $9.25 costs of suit. Executions issued on July 8, 1944, for costs against the executrix and for damages against the goods or estate of the deceased. The executrix's inventory was filed June 26, 1944, and showed no personal estate, but real estate subject to mortgages. This real estate "had no equity as of the date of decease." Smith on September 7, 1944, filed a petition

to retain assets.  This was dismissed by consent on November 14, 1944.  Fifty dollars was paid to Smith on or about October 19, 1944, and this was applied, $9.25 on the execution for costs, and the balance on the execution for damages, leaving a balance due of $4,980.50.  The execution for damages has never been returned to court.  The "first and final account" of the executrix was allowed February 11, 1948. It showed, according to the statement of agreed facts, as follows:  "Schedule 'A' showing Personal Estate, according to inventory, None, — Amount advanced by wife of the deceased to pay bills $1200.00, and no other assets.  Schedule 'B' showing payments, etc. listed — Nordgren Funeral Parlors $700.00, Tombstone $500.00, total $1200.00 and no other payments."  The executrix and widow died on July 1, 1955.  Smith on July 7, 1955, petitioned for the appointment of an administrator de bonis non with the will annexed of the estate of Sarkis M. Gooligian.  The administrator was appointed and his bond approved on September 21, 1956.  The inventory of the administrator showed "values of equity of real estate as of the date of his appointment, September 21, 1956, to be 50 Belmont Street corner of Orchard Street, Worcester, Mass. $8,450.00 and 18–20 Catherine Street, Worcester, Mass. $6,900.00, there being no value for personal property of said decedent."  The petition to sell real estate was filed November 30, 1956, and asked leave to sell the Belmont Street real estate for the sum of $8,450 to meet Smith's judgment and interest and charges of administration, a total of $9,104.44.  A comparison of the real estate items in the original inventory with the same items in the administrator's inventory shows that in the interval the outstanding mortgages had been substantially reduced.  It is apparent that the equity which the petitioner sought to reach had resulted from such payments.

A letter dated October 19, 1944, is included in the printed record.  Although this letter is not identified or referred to in the agreed facts the inference is open that it was intended to be a part thereof.  The letter acknowledged receipt of the $50 payment and recites an agreement that Smith would

not look to the real estate of the deceased for collection of the judgment so long as the widow of the deceased debtor should live. The petitioner's rights do not, we think, depend on this letter and we prefer to disregard it in view of the appellee's contention that if the record were amended it would appear that the letter was accepted in evidence with a limitation as to its use.

The appellee, the executor of the will of the widow, contends that Smith is barred because his claim was of dubious value in 1944, and he did not proceed with such remedies as he then had (viz. levy, scire facias, suit on the bond), and because, although himself guilty of laches, he now asks to benefit from the diligence and financial contributions of the widow. These points do not make weight against the express provisions of the statute.

The steps to give Smith an enforceable right were taken in accordance with G. L. c. 197, § 9.[1] See *Byron* v. *Concord Natl. Bank*, 299 Mass. 438, 442. Compare *Crosby* v. *Ide*, 329 Mass. 676, 681. The action in the Central District Court of Worcester was begun within one year of the date of the executrix's bond and within such year the requisite notice was filed. In accordance with the statute the notice stated the name of the estate, the name and address of the creditor, and the amount of the claim. The description of the court as "Central District Court" is, we think, in the circumstances of a Worcester County probate, a sufficient statement of "the court in which the action has been brought."

The right to proceed after the year, by sale of an interest in real estate, in the event of a claim which has been duly noticed, is preserved by statute even though there has been

---

[1] "Except as provided in this chapter, an executor or administrator shall not be held to answer to an action by a creditor of the deceased which is not commenced within one year from the time of his giving bond for the performance of his trust, or to such an action which is commenced within said year unless before the expiration thereof the writ in such action has been served by delivery in hand upon such executor or administrator . . . or a notice stating the name of the estate, the name and address of the creditor, the amount of the claim and the court in which the action has been brought has been filed in the proper registry of probate . . . ."

an absolute conveyance or a mortgage for value and in good faith. G. L. c. 202, § 20. The assertion of laches must be weighed in the light of this statutory policy.

The executrix, of course, could at any time have acted to bring about a sale of real estate for the purpose of applying to the judgment debt such equity as there then was in the real estate. We need not determine whether laches of the creditor could in any circumstances be a basis for denying a petition to sell real estate to pay the debt. See *Abbott* v. *Downs*, 168 Mass. 481, 484. In view of the express findings in the decree there is little if any basis for a presumption that the probate judge found or ruled that there was laches. In any event, since the hearing was on a statement of agreed facts, we decide the issues without reference to the decision below (*Sewall* v. *Elder*, 279 Mass. 473, 476; *Sanderson* v. *Norcross*, 242 Mass. 43, 44; *Pitman* v. *Pitman*, 314 Mass. 465, 475–476, and cases cited) and we do not discern in the facts a basis for a finding or ruling that the creditor has been guilty of laches. He had a judgment good until barred by the statute of limitations applicable thereto, and good against assets of the estate. The executrix was on notice, and the subject real estate was no less assets of the estate because the executrix chose to enhance its value by paying the mortgage debt with her own funds.

The "final account" was, of course, inoperative to discharge the executrix or the estate in respect of this judgment which was not included in it. *Field* v. *Hitchcock*, 14 Pick. 405. Newhall, Settlement of Estates (4th ed.) § 289. G. L. c. 206, § 1, § 6, § 22, § 24. The dismissal of the petition to retain assets was insignificant. The purpose of such a petition is to protect a claim which does not accrue within the statutory period for suit. G. L. c. 197, § 13. There was no occasion to order retention of assets to pay this claim which had been reduced to judgment.

There is no occasion to discuss the statutory requirements in respect of the form and return of executions which have been mentioned in the briefs. See G. L. c. 235, § 23; *Chesebro* v. *Barme*, 163 Mass. 79; *Linton* v. *Hurley*, 114 Mass. 76;

*Fino* v. *Municipal Court of the City of Boston,* 326 Mass. 277, 281.

The appellants, in brief and argument, mention an eminent domain proceeding for the taking of the subject real estate. This record does not present a question of the appellants' right to substituted proceeds of the real estate. See *Davis* v. *Badlam,* 165 Mass. 248; *Gibson* v. *Cooke,* 1 Met. 75; *Holland* v. *Cruft,* 3 Gray, 162, 180; *Cook* v. *Howe,* 280 Mass. 325, 329; Nichols, Eminent Domain (3d ed.) § 5.742.

The decree is reversed. There must be a decree in the Probate Court authorizing the sale of the real estate to pay the judgment, and interest thereon to the date of payment (*Johnson* v. *Hazen,* 333 Mass. 636) and the costs and expenses of administration.                         *So ordered.*