HAMILTON G. REILLY & another[1] *vs.* GRACE H. J. WHITING
& another.[2]

Plymouth.    April 4, 1955. — June 29, 1955.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Limitations, Statute of. Executor and Administrator*, Contracts, Personal
liability. *Contract*, For sale of real estate.

The one year statute of limitations, G. L. (Ter. Ed.) c. 260, § 11, was
the applicable statute of limitations in an action against a woman
individually and as executrix of a will to recover a deposit paid to her
by the plaintiff under an agreement, signed by the defendant as
"executrix and individually," for sale and conveyance to the plain-
tiff by the defendant by "executrix's deed" of real estate devised to
the defendant by the will.

CONTRACT.    Writ in the Superior Court dated January 2,
1951.

The action was heard by *Pecce, J.*

*Stuart DeBard*, for the plaintiffs.

*Philip B. Buzzell*, for the defendant.

COUNIHAN, J.    This is an action of contract by the plain-
tiffs to recover a deposit of $1,500 paid to the defendant on
an agreement to purchase and sell real estate in Hingham,
to include "the buildings thereon and the contents of the
barn on said premises."    It was tried to a judge, without
jury, who found for the defendant.    The plaintiffs without
fault on their part failed to perfect their exceptions and the
case comes to this court upon a report of the judge, presum-
ably under G. L. (Ter. Ed.) c. 231, § 111, for the determi-
nation of two questions of law: "1. Were the plaintiffs en-

---

[1] The plaintiffs are Hamilton G. Reilly, individually and as administrator
of the estate of his wife, Nancy M. Reilly.    Hamilton G. Reilly and his wife's
estate will be hereinafter referred to as the plaintiffs.

[2] The writ in this case is not before us but in the record of the case Grace
H. J. Whiting is described individually and as executrix under the will of her
late husband, George Whiting.    She will be hereinafter referred to as the
defendant.

titled to a refund of the deposit . . . ? 2. Was the action barred by the statute of limitations?"

The report discloses that the defendant was appointed executrix of the will of her husband on August 26, 1947, and furnished a bond in the sum of $1,000. The will authorized her as executrix "to sell all or any part of my real estate at public or private sale in her discretion and to give all proper deeds and instruments therefor." She was also the sole beneficiary under the will. On October 8, 1947, she entered into an agreement, as executrix and individually, with the plaintiffs to convey the premises "by a good and sufficient executrix's deed" and then and later received deposits aggregating $1,500. The agreement contained the not unusual provision that if the seller "shall be unable to give title or to make conveyance as . . . stipulated, any payments made under this agreement shall be refunded." On July 1, 1948, the date finally set for passing papers, the plaintiffs refused to accept the executrix's deed tendered to them by the defendant and demanded the return of the deposit which was refused. The grounds for the plaintiffs' refusal were: "a. no probate license to sell had been obtained, b. no inventory of the estate had been filed, c. the probate bond was in the sum of $1,000, and d. Massachusetts inheritance tax liens were not released." The defendant does not dispute these facts. The writ in this action was dated January 2, 1951.

The principal contention of the defendant is that the plaintiffs are barred from recovering because of the so called short statute of limitations, G. L. (Ter. Ed.) c. 260, § 11, which reads in part, "An action founded on any contract . . . if made . . . by any person acting as the executor . . . of the estate of a deceased person, shall be brought within one year . . . after the right of action accrues." Manifestly the right of action accrued on July 1, 1948, so that if this statute applies the plaintiffs may not recover. We are of opinion that it does apply.

The defendant admits in her brief that she was personally liable on her agreement to sell even though it was signed by

her as "executrix and individually." This principle of the individual liability of an executor was early established but an exception is made in this Commonwealth in case of funeral expenses of the deceased where the executor may be charged in his representative capacity. *Luscomb* v. *Ballard,* 5 Gray, 403, 405. *Rosenthal* v. *Schwartz,* 214 Mass. 371, 373. It also appears that an executor or other fiduciary may avoid personal liability if it is expressly so provided in an agreement or contract. *Anglo-American Direct Tea Trading Co.* v. *Seward,* 294 Mass. 349, 351.

It is indisputable that the agreement was made by the defendant as executrix in part and we are therefore of opinion that c. 260, § 11, should apply. The fact that the words "and individually" were added cannot affect the result for, as we have said, she was in any event liable individually. There was only one contract upon which the defendant was liable individually. The short statute obviously has some purpose and unless that purpose is to protect her personally for acts done by her as executrix it would be wholly meaningless. If the liability of the defendant personally is extinguished in one respect because of c. 260, § 11, we believe that it is extinguished in all respects.

No license to sell was necessary. *Going* v. *Emery,* 16 Pick. 107, 113. *Justice* v. *Soderlund,* 225 Mass. 320. We need not consider other reasons for the refusal to accept the deed for, even if correct, the breach of the agreement, if any, occurred on July 1, 1948, and no action was brought for a breach within the year as provided in the short statute of limitations. The plaintiffs are not entitled to the return of their deposit now.

*Judgment for the defendant.*