HARRY A. BURON, JUNIOR, vs. AILLIE W. BROWN.

Middlesex.    December 5, 1957. — February 5, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Summary Process.  Real Property,* Partition.  *Words,* "Seller."

A sale and conveyance by a commissioner in a partition proceeding pursuant to a decree authorizing the sale were final without any confirmation, ended the estate in the premises of a coöwner who had appeared in the proceeding, and made G. L. (Ter. Ed.) c. 239, § 8, inapplicable in an action of summary process by the purchaser against such coöwner to obtain possession. [735]

A coöwner of land who appeared in a partition proceeding wherein a sale and conveyance by a commissioner were decreed and carried out was a "seller" of the land within the provision of G. L. (Ter. Ed.) c. 239, § 1, as amended by St. 1952, c. 151, § 1, for an action of summary process to recover possession of land by a purchaser thereof in case the "seller" refuses to surrender possession. [735–736]

Legal title to land may be put in issue in an action of summary process to recover possession under G. L. (Ter. Ed.) c. 239, § 1, as amended by St. 1952, c. 151, § 1, by a purchaser against a seller refusing to surrender possession; it is not necessary in such circumstances that the purchaser proceed by writ of entry. [736]

SUMMARY PROCESS.  Writ in the Fourth District Court of Eastern Middlesex dated February 25, 1957.

Upon appeal to the Superior Court by the defendant, the case was heard by *Brogna, J.*

*Richard H. Gens,* for the defendant.

*Henry B. McConville,* for the plaintiff.

WHITTEMORE, J.    The plaintiff bought a parcel of real estate in Reading from a commissioner appointed by the Probate Court in partition proceedings, who gave a deed pursuant to decree of the court authorizing a sale.  See G. L. (Ter. Ed.) c. 241, § 31.  The plaintiff thereafter brought this action of summary process, under G. L. (Ter. Ed.) c. 239, § 1, to obtain possession of the real estate from the defendant, one of the two owners thereof at the time of the

decree ordering the sale. The defendant was named in the petition for partition and appeared in the proceedings. The case comes here from the Superior Court, after a finding for the plaintiff, on the defendant's exceptions to the denial of her plea to the jurisdiction and of requests for rulings. There was no error.

The summary process statute (c. 239, § 1) inclusive of the language inserted by St. 1952, c. 151, § 1, provides that " . . . if a person has acquired title to land or tenements by purchase, and the seller or any person holding under him refuses to surrender possession thereof to the buyer . . . the person entitled to the land or tenements may recover possession thereof under this chapter."

The plea set up that the plaintiff had never been in possession, the partition was not final or approved, the defendant "is not a seller of the premises nor does she claim title or possession under the seller," and title can be tried only by writ of entry. These issues were raised by the requests. Additionally, one of the requests in substance asked for a ruling that the defendant had been in quiet possession for at least three years next before the beginning of the action and her estate had not ended. See G. L. (Ter. Ed.) c. 239, § 8, which provides that there shall be no recovery in such case.

There is nothing in the contention that the defendant's estate in the premises had not ended. General Laws (Ter. Ed.) c. 241, § 18, provides that "The partition by division, when confirmed and established by a final decree under section sixteen, or the sale if partition is made by sale, shall be conclusive upon all persons named in the petition or interested in the land . . . who appeared in the case . . . [and on persons in other categories not here material]." The statute plainly does not condition the finality of the sale on confirmation of proceedings under § 16 or any other provision. See *Tobin* v. *Larkin*, 187 Mass. 279, 281–282. General Laws (Ter. Ed.) c. 239, § 8, was inapplicable. See *Barry* v. *Dudley*, 282 Mass. 258, 259.

We think the defendant was a "seller" within the meaning of the word as used in the relevant language in c. 239, § 1.

It was her interest, with the coöwner's, which was conveyed by the commissioner's deed. He had no title. He was the owners' agent by operation of law, and by the court decree, to give a deed of the owners' property and on their behalf. See *Wilson* v. *Martin-Wilson Automatic Fire Alarm Co.* 151 Mass. 515; *Terry* v. *Terry,* 305 Mass. 113, 115; Am. Law of Property, § 13.10. That the proceeds in the commissioner's hands are not funds "entrusted" by the owners and are not trusteeable because held by operation of law under court order (*Travelers Ins. Co.* v. *Maguire,* 218 Mass. 360) does not affect the principle stated.

The purpose of c. 239, § 1, is to give possession to those whose possession has been invaded or who have a right to possession and are within a category defined therein. In such a proceeding the legal title may be put in issue. *Sheehan Construction Co.* v. *Dudley,* 299 Mass. 51, 53. The plaintiff is in such a category.

*Exceptions overruled.*