OTIS POWER CO. *vs.* MORRIS WOLIN.

Berkshire. September 24, 1959. — February 12, 1960.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Deed,* What property conveyed. *Land Court,* Appeal.

In a proceeding in the Land Court for confirmation of title claimed to a parcel of eighty-five one hundredths of an acre lying on both the east and west sides of a river below a mill pond and encompassing part of the mill pond and a mill standing easterly of the river, there was no error on the part of the trial judge in confirming the petitioner's title in fee to that part of the locus "lying east of the east bank" of the river, "to be bounded westerly by" the river, and dismissing the claim as to the rest of the locus where it appeared that deeds in the petitioner's chain of title described the locus as "one half acre of land . . . with saw mill thereon standing, bounded . . . west by the . . . river, with the mill privilege, mill dam, mill pond, and all water rights thereon connected." [395]

Upon appeal from a decision of the Land Court in a proceeding for confirmation of title under G. L. c. 185, § 26A, only questions of law are presented to this court and findings of fact made by the judge of the Land Court must stand if warranted on any view of the evidence and all justifiable inferences therefrom. [395–396]

PETITION, filed in the Land Court on August 23, 1956.

The case was heard by *Cotton*, J.

*Emerson S. Searle*, (*Nathaniel M. Harvey* with him,) for the petitioner.

No argument nor brief for the respondent.

COUNIHAN, J.   This is a petition in the Land Court by the Otis Power Co. for confirmation of title to a certain parcel of land and certain mill rights and other interests in Hayden Pond and the Farmington River, in the town of Otis in the county of Berkshire.   G. L. c. 185, § 26A, inserted by St. 1931, c. 457, § 2.   The land is described in the petition as follows: [1]  "A certain parcel of land on the northerly side of the Ed. Jones Road as follows:  Beginning at an iron bolt in the easterly end of an old mill dam on the Farmington River northerly of said road and running thence North 71° 46' East on land of Henry F. Wright, seventy-seven and 90/100 (77.90) feet to an iron pipe and stones on the westerly side of a private right of way;  thence South 9° 32' East along land of said Henry F. Wright, one hundred eight and 50/100 (108.50) feet to an iron pipe and stones in the northerly side of said Ed. Jones Road;  thence South 82° 39' West along the road one hundred seventy-five and 90/100 (175.90) feet to the bank of the Farmington River northerly of the highway bridge;  thence South 89° 06' West one hundred twenty (120) feet to a point distant South 1° 18' East twenty-three and 33/100 (23.33) feet from a chisel cross on the easterly face of a large boulder;  thence along land of the heirs of Raphael Sagalyn North 1° 18' West one hundred ninety-three and 21/100 (193.21) feet to an iron pipe & stones by an old maple tree marked;  thence South 67° 24' East across the Mill Pond two hundred twenty-four and 11/100 (224.11) feet to the place of beginning.  Being about

---

[1] Material portions of the plan filed in the case appear on page 393.

eighty-five one hundredths (0.85) of an acre of land and water. Covering hereby a mill, millyard, milldam, a portion of the mill pond and appurtenances connected therewith." The respondent, Morris Wolin, filed an answer objecting to the allowance of the petition on the ground that he was the owner of part of the locus by reason of a deed from Eva H. Hayden and, further if not thereby, that he had acquired title by thirty years' adverse possession.

In his decision the judge found that Wolin had not sustained his claim to title of any part of the locus by adverse possession. He also found that the area of land and the rights therein which the petitioner had acquired and its title thereto were the only matters adjudicated in this proceeding.

He ruled that the "petitioner is entitled to have that part of locus upland lying east of the east bank of the [Farmington] river, as shown on filed plan, confirmed in fee, to be bounded westerly by Farmington River." The claim for the balance of the locus described in the petition was to be dismissed.

The judge also pointed out, however, (a) that the petitioner, "in addition" to the portion of the locus in which it had obtained the fee, "has acquired certain appurtenant rights and easements expressed in the title as connected . . . with the mill yard area and mill activity" and (b) that these "appurtenant rights . . . [in common with others] will pass with the title though not expressly mentioned in the decree." The judge also indicated that the petitioner, because such portion of the locus is bounded westerly "by the river," has the fee to the thread of the stream subject to the rights of flowage and the running of the watercourse and also has, with respect to land under the pond, "the fee by implication of part running to the thread of the river." Without fully defining the relevant rights, he further pointed out that, with respect to the mill rights (presumably particularly the dam), if "repair was necessary, the right to do so would only be another implied right and not a fee."

The case comes here upon an appeal by the petitioner from the decision of the judge. There was no error.

The evidence is not reported but all the exhibits, the filed plan, the abstract of title and the examiner's report are incorporated in the decision by reference. On the filed plan the locus is shown as comprising 0.85 of an acre, being in part upland and in part in the river and Hayden Pond, man made by the mill dam.

In 1885 John C. Hayden acquired title from Lyman J. Strickland to an area of about eight acres in Otis which embraced the locus. In 1886 John conveyed to William F. Hayden one undivided half of the mill privilege and *an undivided half of one half an acre of land in Otis in the most convenient place for a millyard,* being part of the land conveyed to him in 1885 by Lyman J. Strickland. John died in

July, 1913, leaving his property to his widow Anna M. Hayden. On February 9, 1914, a decree of partition of the half acre parcel was entered in the Probate Court. On February 9, 1914, the commissioner to make partition conveyed this parcel to Eva H. Hayden. The parcel of land was described as "One half acre of land in . . . Otis with saw mill thereon standing, bounded . . . North and East by land of . . . John C. Hayden; south by the highway, and west by the Farmington river, with the mill privilege, mill dam, mill pond, and all water rights thereon connected."

Thereafter through several deeds, in each of which the parcel of land conveyed was similarly described, one Sagalyn finally acquired title and he conveyed that parcel to the petitioner. While the locus claimed is shown on the filed plan as containing approximately 0.85 of an acre, the judge found that the actual locus contained not more than one half an acre, with certain mill privileges and flowage rights.

In his decision the judge stated that the engineer who made the filed plan testified that his interpretation of the deeds through which the petitioner acquired its alleged title carried the whole of the pond and the river. He also testified that the northerly line through the pond was an arbitrary line to avoid the expense of surveying the whole pond. Furthermore he testified that he included the westerly end of the dam and upland up to the "big rock" because he thought that the petitioner had a right to repair the dam.

The correctness of the decision is confirmed by an examination of the deeds in the abstract of title. This is further emphasized by the description in the commissioner's deed dated February 9, 1914, as shown in the abstract of title in which the westerly boundary of the locus is shown as the Farmington River. G. L. c. 241, § 18. *Edson* v. *Munsell*, 12 Allen, 600. *Buron* v. *Brown*, 336 Mass. 734. *Cowden* v. *Cutting*, 339 Mass. 164.

Only questions of law are before us upon an appeal from the decision of the Land Court and findings of fact by the

judge must stand if warranted on any view of the evidence and all inferences therefrom. *Lyon* v. *Parkinson,* 330 Mass. 374, 375. See G. L. c. 185, § 15.

*Decision of Land Court affirmed.*