Joseph S. Samra, executor,[1] *vs.* Cheng Yuan. No. 94-P-1804. May 20, 1996. *Executor and Administrator,* License to sell real estate, Real estate of decedent, Short statute of limitations. *Summary Process,* Appeal.

In 1991, the defendant's wife, Christina Yuan, left him by will a one-third interest in her property.[2] That included their residence in Worcester which stood in her name at the time of her death. Under the terms of the

---

[1]Of the estate of Christina Yuan.

[2]The will provides as follows: "After the payment of my just debts and funeral charges, I give, devise and bequeath as follows: 1. One third of my property of what-

will, the plaintiff, as executor, was authorized at any time to "deal with any property, real or personal, held in my estate as freely as [the testator] might in handling [her] own affairs. Such affairs shall include, but not be limited by illustration to the following: To sell or otherwise deal with real estate or any interest therein."

The plaintiff brought this summary process action in February of 1994 to evict the defendant from the marital residence. He appeals from the dismissal of his action under Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974). The Housing Court judge who allowed the defendant's motion went beyond mere dismissal and reported the following question under Mass.R.-Civ.P. 64, 365 Mass. 831 (1974): "Does the Executor of an estate have standing to commence summary process against a devisee more than one year after the date of [the testator's] death?" We answer the question in the affirmative and reverse the judgment of dismissal.

1. The basic contention underlying the defendant's argument on the standing issue is that the one-year time limit for obtaining a license to sell the premises found in G. L. c. 202, § 20, has expired.[3] The judge seems to have relied on language of several older cases starting with *Hooker* v. *Porter*, 271 Mass. 441, 446 (1930), and ending with *Roper* v. *Murphy*, 317 Mass. 176, 178 (1944), which suggest that a legal representative of an estate, at least before obtaining such a license, has no power to sell or take possession. *Moran* v. *Manning*, 306 Mass. 404, 409 (1940).

Where the will authorizes the plaintiff to manage all of the testator's property, the question whether summary process is barred by the one-year limitation contained in § 20 is irrelevant. In the *Hooker* line of cases it was undisputed that the decedents died intestate or without granting a power of sale under the will. Here, the testator gave the power of sale to her executor by an unambiguous provision in her will. Such a grant obviates the need to petition for a license under the statute. See *Going* v. *Emery*, 33 Pick. 107, 113 (1834); *Justice* v. *Sonderlund*, 225 Mass. 320, 323 (1916); *Reilly* v. *Whiting*, 332 Mass. 745, 747 (1955); Newhall, Settlement of Estates § 11.9 (5th ed. 1994). As executor, the present plaintiff's interest in the property, regardless of when defendant's [or devisee's] interest vests, remains continuing and absolute.

While an executor, in an excess of caution, may wish to obtain a court

---

ever nature and description and wherever situated that I may own or have the right to dispose of at the time of my death to my husband, C. Yuan, presently of 31 St. Elmo Road, Worcester, County of Worcester, Commonwealth of Massachusetts."

[3]Section 20 provides: "No interest in the real estate of a deceased person conveyed absolutely or in mortgage for value and in good faith by an instrument duly recorded shall be liable to be taken on execution, or sold under any judicial proceeding for payment of his debts, costs of court, or claims against his estate, except claims for taxes, municipal assessments or succession taxes, legacies or other charges created by will of the deceased, or the expenses or charges of administration, after the expiration of one year from the time of the first appointed executor or administrator first giving bond for the performance of his trust, unless in pursuance of a license to sell granted in consequence of an order for the retention of assets passed under the provisions of section thirteen of chapter one hundred and ninety-seven upon a petition filed within said year or before said conveyance or mortgage is recorded, or unless in pursuance of a license to sell granted upon a petition filed in the registry of probate within said year . . . ."

license when selling real estate, see *Onanian* v. *Leggat*, 2 Mass. App. Ct. 623, 628 (1974), such a license is not mandatory where, as here, the will gives the executor the power to deal with the real estate in any manner. *Bryant* v. *Lombardi*, 261 Mass. 489, 491 (1928).

2. The foregoing discussion effectively answers the question posed by the judge. However, the defendant sought to avail himself of G. L. c. 197, § 9 (1989 ed.). He contends that the commencement of the summary process action occurred after the expiration of the "short" one-year limitation set forth in § 9(a).[4] This provision applies to civil actions brought by creditors of the deceased. *Nashua Sav. Bank* v. *Abbott*, 181 Mass. 531 (1902), and has no applicability to this case.

3. It is not necessary to chronicle in detail other arguments offered by the defendant to the effect that he possesses some inchoate right in the property that prevents the plaintiff from maintaining the summary process action. They are without merit.

The judgment is reversed, and the case is remanded to the Housing Court for further proceedings in accordance with this opinion.

*So ordered.*

The case was submitted on briefs.

*Henry B. Raphaelson* for the plaintiff.

*James F. Bergin* for the defendant.

---

[4]Section 9(a) states: "Except as provided in this chapter, an executor or administrator shall not be held to answer to an action by a creditor of the deceased unless such action is commenced within one year after the date of death of the deceased and unless, before the expiration of such period, the process in such action has been served by delivery in hand upon such executor or administrator or service thereof accepted by him or a notice stating the name of the estate, the name and address of the creditor, the amount of the claim and the court in which the action has been brought has been filed in the proper registry of probate."