Brennan, PJ.
Angela Sarkisian (“Sarkisian”) brought this action to recover damages for injuries she sustained when she slipped and fell on a dance floor at a night club owned by Concept Restaurants, Inc., doing business as the Liquor Store (“Liquor Store”). The trial court granted summary judgment to the Liquor Store. Sarkisian has appealed.
Viewing the evidence in the light most favorable to Sarkisian, Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991), the record indicates the following. On August 22, 2009, Sarkisian attended a bachelorette party at the Liquor Store in Boston, Massachusetts. The club contained a wooden dance floor, measuring fifty feet in length. There were two bars on the dance floor. To the rear of the dance floor, there were two steps leading to a lounge area. Patrons were permitted to bring their drinks onto the dance floor.
Sarkisian and her friends arrived at the club around 9:45 PM. As the night progressed, the club became busy and the dance floor crowded. The club was dimly lit, and strobe lights flashed onto the dance floor. At 1:30 AM, Sarkisian left a group of friends on the dance floor, walked six feet to the stairs, and ascended the two steps to the lounge area to look for other friends. Sarkisian reached the lounge area, looked for her friends for less than one minute, and returned down the stairs to the dance floor. She took a few steps toward her friends and slipped on a “little puddle,” the size of about a “half a cup” of liquid. Her pants were “soaked.” She broke her leg in two places.
Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Mass. R. Civ. P, Rule 56(c). The moving party bears the burden of demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of her case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
*192 The Liquor Store argues that the “traditional approach” to premises liability applies to this case, and that Sarkisian cannot prove an essential element of her claim because she cannot establish that it caused or had either actual or constructive knowledge of the spilled liquid. Sarkisian responds that this case is controlled by the “mode of operation” approach adopted in Sheehan v. Roche Bros. Supermarkets, Inc., 448 Mass. 780 (2007), which alleviates a plaintiff’s burden to prove notice where the defendant’s chosen mode of operation makes it reasonably foreseeable that a dangerous condition will occur. Sarkisian argues that the Liquor Store’s mode of operation of allowing patrons to bring their drinks onto the dance floor made it reasonably foreseeable that drinks would be spilled.
Since Sheehan, Massachusetts courts have since consistently refused to extend the “mode of operation” approach to slip and fall cases in which the defendant was not a self-service establishment. See, e.g., Tavernese v. Shaw’s Supermarkets, No. 07-P-1829 (Mass. App. Ct. July 15, 2008) (unpublished Rule 1:28 decision) (not applicable to supermarket vestibule because “customers’ ability to help themselves to goods, rather than be assisted by a store employee, did not factor into the condition at issue”); Pittsley v. Saunstar Land Co., LLC, No. 06-P-1532 (Mass. App. Ct. Sept. 7, 2007) (unpublished Rule 1:28 decision) (not applicable to hotel construction site); Felt Enters., Inc. v. Chau Chow, II, Inc., Suffolk Superior Court, No. SUCV200703466 (March 7, 2011) (not applicable to restaurant with wait staff); Frank v. Westwood Assocs., Inc., Worcester Superior Court, No. 071798 (April 1, 2008) (not applicable to condominium complex). In this case, the Liquor Store is not a self-service establishment because patrons do not have independent access to drinks, but must rather request them and be served by employees. We therefore agree with the Liquor Store that the “traditional approach” applies.[2]
Under the traditional approach, the plaintiff must “identify the hazardous condition that caused him to slip, prove that it was present prior to his injury, and demonstrate that the defendant either caused the substance to be there, had actual knowledge of its existence, or had a reasonable opportunity to discover and remedy it.” Thorell v. ADAP, Inc., 58 Mass. App. Ct. 334, 337 (2003), citing, inter alia, Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 167 (1973). Here, Sarkisian does not allege, and the record does not support the conclusion, that the Liquor Store caused the liquid to be on the dance floor. Nor does the evidence permit an inference that the Liquor Store was aware of the liquid or that the liquid had remained on the dance floor long enough so that, in the exercise of reasonable care, the Liquor Store should have discovered and remedied that condition. According to their depositions, neither Sarkisian nor her friend, Rebecka Mailea, noticed any liquid on the dance floor before Sarkisian ascended the steps to the lounge. Sarkisian also conceded that she was at the lounge for only “under a minute” before returning to the dance *193 flpor. According to the club’s general manager, David Barry, part of the duties of twelve staff members that night was keeping the dance floor clear of debris. Clearly, less than one minute did not provide a reasonable opportunity for staff to discover the spilled liquid.
Judgment affirmed.
So ordered.

 As stated, we have found no case, and the plaintiff has not pointed to any, that has extended Sheehan beyond self-service establishments. The Liquor Store’s mode of operation of allowing patrons to bring their drinks onto a crowded dance floor all but guarantees spillage and presents a real risk of injury. Over time, in cases such as this, it may be that the law will be expanded.