Singh, J.
After entry of summary judgment against it, defendant All Pro Productions, Inc. (“All Pro”) appealed. The appeal was dismissed, however, upon the motion of plaintiff Marbro Hudston, Inc. (“Marbro Hudston”). All Pro has now appealed the dismissal of that appeal. We reverse the dismissal of the appeal. Further, having had the benefit of the fully briefed arguments of the parties regarding the underlying appeal, we also vacate the entry of summary judgment, and return the case to the trial court.
In September, 2004, Bluefin Properties, LLC (“Bluefin”) obtained a loan from Marlborough Savings Bank (the “bank”), secured by a mortgage and conditional assignment of leases and rents on a building located at 230 Maple Street in Marlborough. As of August, 2008, Bluefin leased a portion of the building to All Pro for a five-year period of time. In February, 2009, the bank notified All Pro that Bluefin was in default of its loan repayment obligation to the bank. Exercising its conditional assignment of leases and rents, the bank directed All Pro to make all future rent payments to the bank, which All Pro did. Later that year, the bank foreclosed on the mortgage. After the foreclosure sale, the bank began lease negotiations with All Pro. As the parties could not reach agreement, All Pro gave the bank notice on January 27,2010 that it would be vacating the premises as of February 28, 2010.
On March 17,2010, Marbro Hudston[1] filed this case, seeking damages consisting of rents due under the lease with Bluefin. The court allowed Marbro Hudston’s motion for summary judgment on liability, and later assessed damages in the amount of $96,148.22. Judgment was entered on December 12, 2011.
All Pro filed a timely notice of appeal, indicating its intention to proceed on the record of proceedings pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C, and requested the trial court to provide it with a recording of the proceedings.[2] Upon receipt of *34 three compact disks from the court, All Pro filed its designation for transcription. After notification of the name of the court-designated transcriber, All Pro made a copy set of the disks and sent them to the transcriber. On April 12, 2012, the transcriber notified All Pro that it could not open the disks and that they did not have any audio. All Pro sent its own copy of the disks, but those disks had the same problem. All Pro then requested the court to prepare new disks. On or about May 24, 2012, the court provided All Pro with three new disks, which it forwarded to the transcriber. Upon All Pro’s July 6,2012 inquiry regarding the status of the transcription, the transcriber informed All Pro that the transcription should be completed shortly. On August 8, 2012, Marbro Hudston moved to dismiss All Pro’s appeal on the basis that All Pro had failed to prosecute its appeal diligently. Upon further inquiry of the transcriber, All Pro learned that, of the three disks provided to the transcriber, only a small portion related to the relevant proceeding. All Pro opposed the motion to dismiss with a supporting affidavit and attached documentation setting forth the difficulties with the transcription process. The court allowed Marbro Hudston’s motion to dismiss the appeal. The appeal should not have been dismissed.
“[Ajlthough the burden is on the appellant to take all steps reasonably necessary to keep the appeal on track, the appellant cannot force a court reporter to do what the reporter is unable or unwilling to do.” Ross v. Continental Resources, Inc., 73 Mass. App. Ct. 497, 513 (2009). As demonstrated in the uncontradicted affidavit of All Pro’s counsel, the delay in the production of the transcript was attributable to factors outside of the control of All Pro. At all times, All Pro diligently pursued the transcript. Without identifying any particular failing on the part of All Pro, Marbro Hudston argues that All Pro should have taken advantage of an alternative method of preparing a record by providing a statement of the evidence or proceedings that is permitted by Rule 8C when the transcript is unavailable. See Dist./Mun. Cts. R. A. D. A., Rule 8C (e) (appellant may file statement of evidence or proceedings from best available means if transcript is unavailable). All Pro had no reason, however, to believe that the transcript was unavailable. All Pro had been provided by the trial court with compact disk recordings of what purported to be the proceedings in the case. After some technological issues involving the court and the transcriber, All Pro was led to believe that the issues had been resolved. Within one month prior to the filing of Marbro Hudston’s motion to dismiss, the transcriber had assured All Pro that the transcript would be completed in short order. Under the circumstances, All Pro could not have been expected to pursue an alternative means of providing a statement of the evidence or proceedings. Therefore, we vacate the dismissal of All Pro’s substantive appeal, and proceed to the merits of that underlying appeal.
All Pro makes a number of claims on appeal, but we need only address one dis-positive issue: whether the court erred in allowing Marbro Hudston’s Mass. R. Civ. R, Rule 56, motion for summary judgment. On a motion for summary judgment, the moving party has the burden of establishing that there are no genuine issues of material fact in dispute and that it is entitled to judgment in its favor as a matter of law. Premier Capital, LLC v. KMZ, Inc., 464 Mass. 467, 474 (2013); Sarkisian v. Concept Restaurants, Inc., 2012 Mass. App. Div. 191. We review the grant of a motion for summary judgment de novo. Brigade Leveraged Capital Structures Fund Ltd. v. PIMCO Income Strategy Fund, 466 Mass. 368, 373 (2013); Brockton Spine & Rehab, Inc. v. Arbella Mut. Ins. Co., 2013 Mass. App. Div. 1.
*35 In its motion, Marbro Hudston argued that it was entitled to judgment because the undisputed facts established that All Pro breached its lease with Bluefin by refusing to pay rent as of March, 2010, when it vacated the premises, prior to lease expiration at the end of July, 2013. Marbro Hudston further argued that it was entitled to enforce the lease against All Pro pursuant to the bank’s conditional assignment of leases and rents. All Pro countered that its lease with Bluefin was terminated by operation of law when the bank foreclosed on its mortgage -with Bluefin, and when Marbro Hudston indicated that the existing lease was terminated and began to negotiate a new lease. On the summary judgment record presented, we find that Marbro Hudston failed to meet its Rule 56 burden.
“The long standing general rule in Massachusetts is that entry by a mortgagee in possession under a mortgage granted prior to execution of a lease ousts the tenant and terminates the lease where the mortgagee asserts his paramount title qua mortgagee. HRPT Advisors, Inc. v. MacDonald, Levine, Jenkins & Co., EC, 43 Mass. App. Ct. 613, 619-620 (1997). This is because the mortgagee, whose rights arose first, is not in privity with the tenant under a lease made subsequent to the mortgage. Id. at 620 n.10, citing Burke v. Willard, 243 Mass. 547, 551 (1923).” Atlas Mtge. Corp. v. Lahey, 2008 Mass. App. Div. 265, 267. A mortgagee may obtain privity by “acquiring the lessor’s interest under the lease [] and by demanding rent from the lessee qua lessor and not as mortgagee.” HRPT Advisors, Inc., supra at 621. A mortgagee acting in a dual capacity has a duty to articulate by specific reference in which role it is acting. Id. at 623.
Here, Marbro Hudston supported its motion for summary judgment with an affidavit of its president, also the president of the bank. The affidavit indicated that Marbro Hudston was a wholly owned subsidiary of the bank, used to hold title to real estate, but otherwise made no connection between Marbro Hudston and the controversy. The affidavit indicated that the bank held a mortgage on the property leased by All Pro as well as a conditional assignment of leases and rents with respect to the property, but it did not indicate that either of those instruments were further assigned to Marbro Hudston. Neither did it indicate that title to the property had been transferred to Marbro Hudston. Rather, after reciting the relationships and communications among the bank, Bluefin, and All Pro, the affidavit simply concluded that All Pro failed to pay rent to Marbro Hudston. Because the affidavit failed to establish that Marbro Hudston had any right to collect rent from All Pro, the motion for summary judgment should have been denied.[3]
*36 Even if the affidavit had properly established Marbro Hudston’s right to recovery, however, All Pro’s opposition raised a genuine issue of material fact as to whether the actions of the bank terminated the lease. Certainly, Marbro Hudston contended that it never communicated to All Pro that the lease was terminated. Yet All Pro provided an affidavit of its chief executive officer, based on personal knowledge, and properly supported by documentary evidence, from which a reasonable inference could be made that the bank did indicate to All Pro that the lease was terminated by foreclosure. Specifically, within days of the foreclosure sale, counsel for the bank sent All Pro a letter stating that All Pro’s “right to use a portion of the premises at 230 Maple St. was dependent on [Bluefin’s] continued ownership thereof.” Yet if the lease remained in force, with the bank simply stepping into the shoes of Bluefin as assignee of the lease, then All Pro’s rights would not have been dependent on Bluefin’s ownership of the premises; its rights would have been preserved in the lease. This communication was followed up by negotiations for a new lease, resulting in a proposal that, from All Pro’s perspective, was more financially burdensome than its obligations under the lease with Bluefin. All of this raised a genuine issue of material fact as to whether the bank repudiated the lease, thereby relieving All Pro from its obligations under the lease. As a result, summary judgment should not have been granted.
The dismissal of the defendant’s appeal, judgment for the plaintiff, and the allowance of the plaintiff’s motion for summary judgment are vacated. This case is returned to the Marlborough District Court for a trial.
So ordered.

 In its complaint, Marbro Hudston alleged that it acquired title to the leased property on October 1, 2009 and succeeded to the bank’s rights in the lease. All Pro denied this in its answer.

 Although an appealing party may choose its method of appeal, the preferred method for appealing issues that present only questions of law, that is, issues that may not require a transcript of proceedings, is that provided in Dist./Mun. Cts. R. A. D. A., Rule 8A (Expedited Appeal).

 We note that the affidavit was deficient in other respects. Despite its reference to numerous documents, the affidavit did not incorporate, let alone authenticate, a single document; rather, counsel simply submitted a copy of the Bluefin-All Pro lease and the conditional assignment of leases and rents with its summary judgment papers. Brockton Spine & Rehab, Inc., supra at 2 (documents submitted without proper authentication are not “in a form appropriate for consideration on a motion for summary judgment”). The other referenced documents, purporting to provide the critical notices, were never even offered to the court. See HRPT Advisors, Inc., supra at 622-623 (bank met burden of establishing notice on summary judgment through documentary evidence; tenant failed to meet burden where allegations in affidavit regarding notice were unsupported by tangible evidence).