Welch, J.
Plaintiff Frank Messere (“Frank”)[2] initiated a summary process action against his former daughter-in-law, defendant Denise Messere (“Denise”), seeking her eviction from a two-family home in which each resided in separate units. By way of background, the property was originally owned by Frank and his son. Upon the son’s marriage, the property was then owned by Frank, his son, and his now daughter-in-law, Denise. Unfortunately, the marriage ended in divorce and what would become an untenable living situation resulting in the present litigation.
In general, the documents demonstrate a living situation that was destined to fail. Denise had been married to Frank’s son. The marriage resulted in a divorce with the son leaving the area. As part of the divorce settlement agreement, the son deeded his share in the property to his now former wife. The attachments to Frank’s motion for summary judgment included the divorce settlement agreement between Denise and Frank’s son,[3] a restraining order wherein Frank was the plaintiff and Denise the defendant, an affidavit from Frank, Denise’s responses to requests for admissions, and a police report regarding Denise’s arrest for domestic assault and battery upon Frank. From initially owning the property jointly with his son, to a life estate with his *9 son and daughter-in-law as tenants by the entirety, and now as a life tenant with Denise in fee simple, the ownership interests have changed as well as the relationships among the individuals. Frank alleges he has been the victim of violence and abuse and that Denise has violated the terms of his life estate through waste, constructive eviction, and other actions interfering with his possessory interest.
Denise filed a motion for summary judgment, claiming that the deed under which she and Frank hold title prevented Frank from seeking eviction. Frank, in turn, filed a cross motion for summary judgment, claiming an unrestricted life estate in the property with attending rights to evict Denise. The trial court, in a written memorandum, found that the deed did not create a current right of exclusive possessory interest in Frank with a tenancy at will to Denise and that Frank had deeded to Denise a right of occupation thereby partially alienating Frank’s otherwise exclusive right of occupancy. As a result of the court’s decision on the motion for summary judgment, Frank filed an expedited appeal pursuant to Dist./Mun. Cts. R. A. D. A, Rule 8A
In the appellate record, Frank included Denise’s motion for summary judgment, Frank’s cross motion for summary judgment, and Frank’s affidavit in support of the cross motion.[4] As is well settled, on a motion for summary judgment, the moving party has the burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment in its favor as a matter of law. Premier Capital, LLC v. KMZ, Inc., 464 Mass. 467, 474 (2013); Sarkisian v. Concept Restaurants, Inc., 2012 Mass. App. Div. 191. We review the grant of a motion for summary judgment de novo. Brigade Leveraged Capital Structures Fund Ltd. v. PIMCO Income Strategy Fund, 466 Mass. 36S, 373 (2013); Brockton Spine & Rehab, Inc. v. Arbella Mut. Ins. Co., 2013 Mass. App. Div. 1.
Denise’s motion for summary judgment alleged that based upon the undisputed facts, she was entitled to judgment as a matter of law and should not be evicted. In support of the motion, Denise provided the court with a copy of the deed. Notably absent from the motion were any affidavits, depositions, or sworn testimony in any form. Athough making statements in the body of the memorandum, such as "it is clear that the intent was to give each party an interest only in the portion that they occupied,” there were no submissions in the motion to establish the intent of the parties at the time of the conveyance.
Contrary to Denise’s submission in support of her motion for summary judgment, Frank supplied the trial court with documents evidencing disputed facts regarding allegations of fraud, waste, and abuse.
Denise’s motion for summary judgment rests solely on the language of the deed, which conveys a life estate to Frank. If review were limited solely to Denise’s submission, judgment would favor Frank, as the owner of a life estate has the right to exclusive possession of the land for the duration of his life unless the deed states otherwise (the deed conveys with no such language). See Bernat v. Kivior, 22 Mass. App. Ct. 957, 959 (1986). See also White v. Johnson, 2004 Mass. App. Div. 9, 10 n.1, *10 quoting Child v. Child, 58 Mass. App. Ct. 76, 80 (2003) (life estate generally defined as “right to the use, possession and income from a piece of property for the lifetime of an individual”). Both Messeres have raised the issue of the intent of the parties at the time of the execution of the deed. Where both parties have an identical intention as to the terms to be embodied in a proposed written conveyance and the writing is at variance with that intention, either party may obtain a decree that the writing should be reformed to conform to the intentions of the parties. Franz v. Franz, 308 Mass. 262, 266 (1941). Including in his cross motion for summary judgment facts subsequent to the execution of the deed, Frank provides evidence of both his and Denise’s course of conduct subsequent to the execution of the deed to show the intent of the parties at the time of the execution of the deed. See Ellis v. Wingate, 338 Mass. 481, 485 (1959) (evidence of subsequent use of land may help to explain deed).
“[W]here motive, intent, or other state of mind questions are at issue, summary judgment is often inappropriate.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). When intent is at the core of a controversy, summary judgment seldom lies. Madden v. Estin, 28 Mass. App. Ct. 392, 395 (1990). “Intent is, of necessity, a question of fact, and so is rarely amenable to determination on summary judgment.” N.E. Physical Therapy Plus, Inc. v. Commerce Ins. Co., 2009 Mass. App. Div. 223, 225. Harkening back to the standard for summary judgment, we note that the moving parly bears the burden of affirmatively demonstrating the absence of triable issues. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence unmet by countervailing evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner, supra at 809; Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Although the court based its finding on a portion of the record, a review of the entirety of the record reveals many questions of fact central to the issue of the intent of the parties at the time of the conveyance and the use of the property purportedly violating the terms of the conveyance.[5] As a result of the material disputed issues of fact, the matter is returned for trial in the Quincy District Court.

 Because the individuals involved in this case share the last name of Messere, we refer to each by his or her first name.

 Identified as handwritten “Ex ‘A’” in Frank’s cross motion for summary judgment is Addendum “G” to what is purportedly a divorce settlement agreement regarding the property at issue between Denise and her former husband, Frank’s son. Frank was obviously not a party to the divorce. However, the agreement is evidence of Denise’s understanding of the transfer of property.

 Denise also filed a "Memorandum Against Plaintiff/Appellant’s Expedited Appeal Pursuant to Rule 8A.” For clarification, the aforementioned memorandum is not a dispute of the appeal mechanism of Dist./Mun. Cts. R.AD.A, Rule 8A, but rather a memorandum in opposition to Frank’s appeal seeking reversal of the court’s summary judgment decision.

 Although not specifically articulated, within the context of Denise’s motion for summary judgment, the issue of whether summary process is appropriate in the case is a live issue. As we said in Nealon v. Johnson, 2013 Mass. App. Div. 38, “[N]ot every entitlement to possession against an occupant may be the subject of summary process.” Id. at 39. Unless the plaintiff can prove that the defendant is a lessee or that he is “a person [who] has acquired title to land or tenements by purchase, and the seller or any person holding under him refuses to surrender possession thereof to the buyer,” he has no remedy in summary process. See G.L.c. 239, §1.